**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, et al.<br><br><br>Debtors. | Chapter 11<br>Case No.: 22-50073 (JAM)<br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>      Plaintiff,<br>v.<br><br>HAYMAN HONG KONG OPPORTUNITIES OFFSHORE FUND LP and HAYMAN HONG KONG OPPORTUNITIES ONSHORE FUND LP,<br><br>      Defendants. | Adv. Pro. No: 24-05272 (JAM)<br><br><br>December 15, 2025 |

**HAYMAN HONG KONG OPPORTUNITIES ONSHORE FUND LP'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF PLAINTIFF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548 AND 550 AND NEW YORK DEBTOR & CREDITOR LAW SECTIONS 273, 274, AND 276**

Hayman Hong Kong Opportunities Onshore Fund LP ("HHKOOF"), by and through their

undersigned counsel, responds to Plaintiff/Chapter 11 Trustee Luc A. Despins's ("Trustee" or

"Plaintiff") Complaint (the "Complaint") as follows:[1]

---

[1] The Trustee's claims against former defendant Hayman Hong Kong Opportunities Offshore Fund LP were dismissed without prejudice by stipulation of the Parties on October 29, 2024 (Adv. Pro. Doc. No. 20).

## ANSWER

### NATURE OF ACTION

1.     HHKOOF admits that this action purports to be one to avoid and recover transfers of Debtor's property prior to the commencement of this Chapter 11 case.  Except as so expressly admitted, denied.

2.     HHKOOF admits that Saraca Media Group Inc. ("Saraca") deposited $100,000,000 into a bank account held in the name of HHKOOF on or about June 5, 2020.  Except as so expressly admitted, denied.

3.     Denied.

### JURISDICTION AND VENUE

4.     HHKOOF admits that this action purports to be an adversary proceeding arising pursuant to 28 U.S.C. § 1334(b) over which this Court would have subject matter jurisdiction.

5.     HHKOOF admits that this action has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.     HHKOOF admits that Plaintiff seeks relief pursuant to sections 544, 548 and 550 of Title 11 of the United Staes Code (the "Bankruptcy Code") and New York Debtor & Creditor Law sections 273, 274, and 276 or any other applicable state law equivalents.  To the extent necessary, HHKOOF denies any other allegations in Paragraph 6 and Footnote 2 of the Complaint.

## PARTIES

7.      HHKOOF admits that the Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Doc. No. 523].

8.      HHKOOF admits that Hayman Offshore Fund is a Cayman Islands limited partnership with offices located at 27 Hospital Road, George Town, Cayman Islands KY1-9008. All claims against Hayman Offshore Fund asserted in the Adversary Proceeding were dismissed without prejudice by stipulation of the Parties (Adv. Pro. Doc. No. 20).

9.      HHKOOF admits that Hayman Onshore Fund is a Delaware limited partnership. HHKOOF's physical address is 4030 Maple Avenue, Suite 100, Dallas, Texas 75219.  Except as so expressly admitted, denied.

## FACTS

**A.     Chapter 11 Case[2]**

10.      Admitted.

11.      Admitted.

12.      HHKOOF admits that the Debtor filed bankruptcy schedules in March 2022, and those schedules speak for themselves.  Except as so expressly admitted, denied.

13.      Admitted.

**B.     Debtor's Alleged Use of Shell Companies and Trustee's Adversary Proceedings**

---

[2] HHKOOF has maintained the section headings from the Complaint throughout this Answer for purposes of convenience only.  HHKOOF's use of the section headings should not be construed as an admission or concession regarding the accuracy, implications, or relevance of those headings.  To the extent any section headings contain an allegation of fact that should require an answer, HHKOOF denies that allegation unless it is expressly admitted.

14.    Denied.

15.    HHKOOF admits that, since his appointment, the Trustee has commenced hundreds of adversary proceedings related to these Bankruptcy Cases.  The allegations in those adversary proceedings speak for themselves.  HHKOOF admits that this Bankruptcy Court has entered various orders in a number of proceedings related to these Bankruptcy Cases.  Those orders speak for themselves.  Except as so expressly admitted, denied.

16.    Paragraph 16 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 16 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies those allegations.

C.    **Debtor's Alleged Conduct to Hinder, Delay, and/or Defraud Creditors**

17.    HHKOOF admits that the Bankruptcy Court has entered various orders in these Bankruptcy Cases.  Those orders speak for themselves.  Except as so expressly admitted, denied, including the content of Footnote 6 to the extent a response to that Footnote is required.

18.    HHKOOF admits that the Bankruptcy Court has entered various orders in these Bankruptcy Cases.  Those orders speak for themselves.  Except as so expressly admitted, denied, including the content of Footnotes 7, 8, and 9 to the extent a response to those Footnotes is required.

19.    HHKOOF admits that the referenced order of the United States District Court for the Southern District of New York speaks for itself.  Except as so expressly admitted, denied, including the content of Footnote 10 to the extent a response to that Footnote is required.

20.     Paragraph 20 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 20 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies those allegations.

21.     Paragraph 21 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 21 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies those allegations.

22.     HHKOOF admits that court records, specifically Doc. No. 318 in Case No. 22-50073, indicate that Mr. Ho Wan Kwok testified before this Bankruptcy Court on at least April 27, 2025.  That testimony speaks for itself.  HHKOOF admits that the Debtors filed schedules.  Those schedules speak for themselves.  Except as so expressly admitted, denied, including the content of Footnotes 11 and 12 to the extent a response to those Footnotes is required.

23.     HHKOOF admits that court filings reflect that the United States Government has charged Mr. Ho Wan Kwok as a defendant in the matter styled *United States of America v. Kwok, et al.*, case no. 1:23-cr-00118-AT, pending in the United States District Court for the Southern District of New York.  The allegations and filings in that case speak for themselves.  HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint and therefore denies those allegations.

24.     Paragraph 24 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 24 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

24 of the Complaint and therefore denies those allegations, including the content of Footnote 13 to the extent a response to that Footnote is required.

25.     Paragraph 25 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 25 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies those allegations.

26.     Paragraph 26 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 26 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies those allegations.

**D.      Transfers Allegedly Made with Intent to Hinder, Delay, or Defraud Creditors**

27.     Paragraph 27 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 27 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies those allegations.

28.     Paragraph 28 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 28 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies those allegations.

29.     HHKOOF admits that court filings reflect that the United States Government has charged Mr. Ho Wan Kwok as a defendant in the matter styled *United States of America v. Kwok, et al.*, case no. 1:23-cr-00118-AT, pending in the United States District Court for the Southern

District of New York.  The allegations and filings in that case speak for themselves.  Except as so expressly admitted, denied

30.    Paragraph 30 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 30 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies those allegations.

**E.    Alleged Transfer to the Defendants**

31.    HHKOOF admits that Saraca deposited $100,000,000 into a bank account held in the name of HHKOOF on or about June 5, 2020.  Except as so expressly admitted, denied.

32.    Paragraph 32 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 32 includes factual allegations, HHKOOF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies those allegations.

33.    Denied.

## PLAINTIFF'S FIRST CLAIM

### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

34.    HHKOOF incorporates by reference its responses to the foregoing paragraphs.

35.    Denied.

36.    Denied, including subparagraphs 36(a) through 36(g).

37.    Denied.

## PLAINTIFF'S SECOND CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

38.     HHKOOF incorporates by reference its responses to the foregoing paragraphs.

39.     Denied.

40.     Denied, including subparagraphs 40(a) through 40(g).

41.     Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

42.     HHKOOF denies that Plaintiff is entitled to any of the relief it requests, including the relief outlined in Paragraphs 1 through 6 of the Prayer section of the Complaint.

## AFFIRMATIVE DEFENSES

HHKOOF asserts the following defenses to the Complaint.  In asserting these defenses, HHKOOF does not concede that it bears the burden of proof on any issue as to which the Trustee would otherwise bear the burden of proof.

### First Affirmative Defense

1.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.     The Complaint fails to allege facts with sufficient particularity that, if proven, establish a *prima facie* case for recovery under Sections 548 and 550 of the Bankruptcy Code and the applicable provisions of New York Debtor & Creditor Law, and by this failure the Trustee has failed to state a claim upon which relief may be granted.

### Third Affirmative Defense

3.      The Trustee lacks standing to bring the claims stated in the Complaint.

### Fourth Affirmative Defense

4.      The relief requested in the Complaint is barred, in whole or in part, by the relevant provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 548 and 550.

### Fifth Affirmative Defense

5.      To the extent HHKOOF received the transfers alleged in the Complaint, HHKOOF has a lien on or may retain any interest transferred or may enforce any obligation incurred pursuant to the Bankruptcy Code, including 11 U.S.C. § 548(c), and applicable state law.

### Sixth Affirmative Defense

6.      The relief requested in the Complaint is barred by Sections 550(b) and 550(d) of the Bankruptcy Code.

### Seventh Affirmative Defense

7.      The relief request in the Complaint is barred by New York Debtor & Creditor Law Section 277, including but not limited to Sections 277(a)-(d) and (f).

### Eighth Affirmative Defense

8.      The alleged transfers set forth in the Complaint did not constitute property of the Debtor or the Debtors' bankruptcy estate.

### Ninth Affirmative Defense

9.      The relief requested in the Complaint is barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

10.      The relief requested in the Complaint is barred by the doctrine of *in pari delicto*.

Eleventh Affirmative Defense

11.    The relief requested in the Complaint is barred by the *Wagoner* rule.

Twelfth Affirmative Defense

12.    The relief requested in the Complaint is barred by waiver and estoppel.

Thirteenth Affirmative Defense

13.    To the extent HHKOOF received the transfers alleged in the Complaint, such transfers were not made while the Debtor was insolvent.

Fourteenth Affirmative Defense

14.    HHKOOF acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time it so acted.

Fifteenth Affirmative Defense

15.    The Trustee's claims are barred by the doctrines of offset, setoff, and recoupment.

Sixteenth Affirmative Defense

16.    The Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

Seventeenth Affirmative Defense

17.    The Trustee bears the burden to prove each element of each claim asserted in the Complaint by the applicable evidentiary standard on a transaction-by-transaction basis. HHKOOF objects to the application of any order, decision, finding, or holding of any court in any proceeding to which HHKOOF was not a party or of which HHKOOF did not receive proper notice and an opportunity to be heard, including any order, decision, finding, or holding regarding the application

10

of any alter ego or related doctrine to the claims the Trustee asserts in the Complaint, whether under the law of the case, *res judicata*, or collateral estoppel or any other doctrine or argument.

## HHKOOF'S RESERVATION OF RIGHTS

HHKOOF reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Bankruptcy Code of the United States, applicable New York law (including the New York Uniform Voidable Transactions Act, New York Debtor & Creditor Section 270, *et seq.*), and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.  HHKOOF reserves the right to amend or supplement this Answer for any reason, including, without limitation, to assert other defenses, cross-claims, and third-party claims as this action proceeds.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure, HHKOOF hereby demands a jury trial in the United States District Court before an Article III judge on all issues so triable.  HHKOOF does not consent to the Bankruptcy Court conducting any jury trial in this action.

## HHKOOF DOES NOT CONSENT UNDER
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b)

HHKOOF does not consent to the entry of any final order or judgment by the Bankruptcy Court.  HHKOOF does not consent to the matter being heard by the Bankruptcy Court and reserves its right to have any final order or judgment entered only after *de novo* review by the United States District Court.

11

WHEREFORE, HHKOOF requests the Court dismiss this action with prejudice, award the costs of this action, and enter such other relief as is just and proper and to which HHKOOF might be entitled.

Dated: December 15, 2025

FINN DIXON & HERLING LLP

By: /s/ Henry P. Baer, Jr.
    Henry P. Baer, Jr. (ct27781)
    FINN DIXON & HERLING LLP
    Six Landmark Square
    Stamford, CT  06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: hbaer@fdh.com

    *and*

HAYNES AND BOONE, LLP

    Matthew T. Ferris
    *(Admitted Pro Hac Vice)*
    HAYNES AND BOONE, LLP
    Texas Bar No. 24045870
    2801 N. Harwood Street, Suite 2300
    Dallas, TX 75201
    Tel: 214-651-5955
    Fax: 214-200-0393
    E-mail: Matt.Ferris@haynesboone.com

    *Counsel for Hayman Hong Kong*
    *Opportunities Onshore Fund LP*

## CERTIFICATION

I hereby certify that on December 15, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/s/ Henry P. Baer, Jr.
Henry P. Baer, Jr.
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT  06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: hbaer@fdh.com